Case 1:19-cv-00082   Document 33   Filed on 10/29/20 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
October 29, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE MANUEL PORTILLO-GUERRERO,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§<br>§   CIVIL ACTION NO. 1:19-cv-82<br>§   CRIM. ACTION NO. 1:16-675-7<br>§<br>§ |

## REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 28, 2019, Petitioner Jose Manuel Portillo-Guerrero filed a motion to vacate, set aside or correct his sentence, pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

On December 2, 2019, the Court held an evidentiary hearing on Portillo-Guerrero's claim. Dkt. No. 31. The parties have filed post-hearing briefs. Dkt. Nos. 28, 29.

After considering the testimony and reviewing the record and relevant case law, it is recommended that the petition be dismissed as untimely filed, or, alternatively, denied as being unsupported by the record.

## I. Background

### A. Indictment & Guilty Plea

On July 26, 2016, a federal grand jury – sitting in Brownsville, Texas – returned a seven-count indictment against nine defendants in a drug trafficking conspiracy. U.S. v. Portillo-Guerrero, Criminal No. 1:16-675-1, Dkt. No. 2 (J. Hanen, presiding) (hereafter "CR"). As relevant here, Portillo-Guerrero was indicted for one count of conspiracy to possess with intent to distribute more than 1,000 kilograms of marihuana and five kilograms of cocaine as well as one count of possession with intent to distribute more than 1,000 kilograms of marihuana. Id.

On March 28, 2017, Portillo-Guerrero pled guilty to one count of possession with intent to distribute more than 1,000 kilograms of marihuana before the District Judge. CR Dkt. No. 334. He pled guilty without a written plea agreement. Id.

1

The Court established that Portillo-Guerrero had never been in a mental institution or treated for a mental illness of any kind; was not under the influence of any medications or drugs; was able to assist in his own defense; had discussed the charges with his attorney; and was satisfied with his attorney's representation. CR Dkt. No. 334, pp. 5-11. Portillo-Guerrero also informed the Court that he had not been forced to plead guilty. Id, pp. 7-8.

Portillo-Guerrero also stated that he had seen and received a copy of the charges that had been filed against him; that he understood both the maximum possible sentence that he faced and the effect of the sentencing guidelines in his case. Id. Portillo-Guerrero further stated that he understood his constitutional right to remain silent; his constitutional right to the assistance of counsel; his constitutional right to trial by jury; his constitutional right to a presumption of innocence that the government must overcome by proving guilt beyond a reasonable doubt; and, his constitutional right to cross-examine opposing witnesses and to subpoena witnesses on his behalf. Id.

Having stated that he understood all of his rights, Portillo-Guerrero pled guilty to possession with intent to distribute more than 1,000 kilograms of marihuana. CR Dkt. No. 334, pp. 28-31.

**B. Sentencing**

In the final presentence report ("PSR"), Portillo-Guerrero was assessed a base offense level of 36, because his relevant conduct was determined to involve 67,171.1 kilograms of marihuana. CR Dkt. No. 293, pp. 20-22. When a defendant's relevant conduct in a drug case encompasses multiple illegal substances, those substances are converted to an equivalent weight in marihuana, which is then used to calculate the base offense level. U.S.S.G. § 1B1.1.

He was also assessed a four-level enhancement because he was deemed to be a leader or organizer in the drug conspiracy. Id. Portillo-Guerrero was also assessed a two-level enhancement for obstruction of justice because he "attempted to intimidate or otherwise unlawfully influence, a co-conspirator into providing materially false information regarding their involvement in the drug conspiracy." Id. This finding — of obstruction of justice — also precluded Portillo-Guerrero from receiving any adjustment

2

for acceptance of responsibility. Id.  Thus, Portillo-Guerrero was assessed a total offense level of 42. Id.

Regarding his criminal history, Portillo-Guerrero had four adult criminal convictions, but, because of the age and nature of the convictions, was not assessed any criminal history points, resulting in a criminal history category of I. CR Dkt. No. 293, p. 23-25.  An offense level of 42 and criminal history category of I, produced a sentencing guideline imprisonment range of 360 months to life imprisonment.

Portillo-Guerrero timely filed objections to the PSR. CR Dkt. No. 288.  As relevant here, Portillo-Guerrero objected to the finding that he obstructed justice, arguing there was insufficient evidence to support that finding. Id.  He also argued that he should be granted a three-point reduction for acceptance of responsibility. Id.

At sentencing, the District Judge overruled Portillo-Guerrero's objection as to the obstruction of justice. CR Dkt. No. 338, pp. 12-13.  However, the Court did reduce the four-level enhancement for being a manager or leader of the conspiracy to a two-level enhancement. Id., pp. 2-3.  This finding reduced Portillo-Guerrero's offense level to 40 and his guideline sentencing range was 292 months to 365 months.

On January 9, 2018, the Court issued a non-guidelines sentence.  Portillo-Guerrero was sentenced to 192 months imprisonment, five years of supervised release and a $100 special assessment. CR Dkt. No. 301.  The Court noted that this was the same sentence that Portillo-Guerrero would have received if the obstruction of justice objection had been sustained. CR Dkt. No. 338, pp. 18-19.[1]

The judgment was issued on January 12, 2018. CR Dkt. No. 301.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Portillo-Guerrero's deadline for filing a notice of appeal passed on January 26, 2018.

---

[1] The sentence was also to be served concurrent to a sentence in a federal case in the McAllen Division of the Southern District of Texas. CR Dkt. No. 338, pp. 18-19.

### C. Instant Petition

On May 28, 2019, Portillo-Guerrero filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside or correct his sentence. Dkt. No. 1. He raised a single issue of ineffective assistance of counsel. Id. Portillo-Guerrero argued that his counsel failed to file a requested notice of appeal. Id. According to Portillo-Guerrero, his attorney told him not to appeal, because if he were resentenced, he could receive an increased sentence. Id.

On May 29, 2019, the Court ordered the Government to respond to the petition, requiring the Government to address both the substance of the petition and any procedural infirmities. Dkt. No. 4.

On August 2, 2019, the Government filed a motion to dismiss, arguing that Portillo-Guerrero's petition was untimely filed and that it was substantively meritless, because Portillo-Guerrero could not show that counsel's advice not to appeal was constitutionally deficient. Dkt. No. 11.

On August 13, 2019, the Court ordered the parties to appear for an evidentiary hearing as to the conversations between Portillo-Guerrero and his lawyer - regarding a potential appeal - and whether Portillo-Guerrero specifically instructed his lawyer to file a requested notice of appeal. Dkt. No. 13. The Court also appointed Edmund Cyganiewicz to represent Portillo-Guerrero during these proceedings. Id.

On December 2, 2019, the Court held the evidentiary hearing. Dkt. No. 31. Irvin Sheldon Weisfeld, Portillo-Guerrero's trial lawyer, testified that after sentencing, he and Portillo-Guerrero discussed whether he could receive a reduced sentence under Fed. R. Crim. P. 35 if he debriefed and cooperated. Id., pp. 7-8. Weisfeld testified that Portillo-Guerrero never told him to file an appeal, because if he had, Weisfeld would have instructed his legal secretary to file a notice of appeal. Id. Portillo-Guerrero testified that when he asked Weisfeld about an appeal, Weisfeld told him "it was better not to anything about it, so I didn't do it because he told me not to do anything." Id, pp. 18-19. Portillo-Guerrero stated that he instructed Weisfeld to appeal, but Weisfeld told him that he couldn't. Id., p. 23.

4

At the conclusion of the hearing, the Court ordered the parties to brief: (1) whether the Government had waived its argument regarding timeliness, by relegating it to a footnote, and whether any purported waiver limits the Court's consideration of whether the petition was timely filed; (2) whether the Supreme Court recognized a new rule of constitutional law when it decided Garza v. Idaho, 139 S.Ct. 738 (2019); and (3) if there was any basis for equitable tolling in the record. Dkt. No. 20.

On January 17, 2020, Portillo-Guerrero filed his brief. Dkt. No. 28.  On February 7, 2020, the Government filed its brief. Dkt. No. 29.

## II. Applicable Law

### A. Section 2255

Portillo-Guerrero seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
> 28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Timeliness

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a one-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).  This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principle application of equitable tolling is where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403.

**C. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id.

To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. If a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

Once convicted, a federal defendant has an absolute right to file an appeal. U.S. v. Pineda-Arrellano, 492 F.3d 624, 627 (5th Cir. 2007) (citing Coppedge v. U.S., 369 U.S. 438, 441 (1962)). If a defendant informs his attorney that he wishes to file an appeal, the attorney must do so. Roe v. Flores-Ortega, 528 U.S. 470, 483-85 (2000). If the attorney fails to file a requested notice of appeal, then the defendant has been denied an "entire judicial proceeding," to which he was absolutely entitled. Id., p. 483. Under such circumstances, the attorney's performance is per se prejudicial to the defendant, regardless of whether the appeal had any merit. Id.

6

A petition pursuant to § 2255 is the appropriate vehicle through which to challenge an attorney's failure to file a requested notice of appeal. U.S. v. Flores, 380 Fed. App'x. 371, 372 (5th Cir. 2010) (unpubl.) (noting that "such a claim is properly asserted in a § 2255 motion"). The petitioner must establish, by a preponderance of the evidence, that there is a "reasonable probability" that, but for counsel's failure to file a notice of appeal, the petitioner would have timely appealed. Flores-Ortega, 528 U.S. at 484; U.S. v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). The Court does not require the defendant to "identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." Id.

### III. Analysis

The Court must resolve (1) whether the petition was timely filed and (2) whether Portillo-Guerrero's claim of ineffective assistance of counsel for failing to file a notice of appeal is meritorious. The Court concludes, as set out below, that the petition is both untimely filed and unsupported by the record.

**A. Timeliness**

On April 24, 1996, the AEDPA was signed into law and created a one-year statute of limitations for filing § 2255 petitions. U.S. v. Flores, 135 F.3d 1000, 1001 (5th Cir. 1998). The Court must determine which of the statute's provisions apply to start the limitations period.

The limitations period runs "from the latest" of the following:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 1. 28 U.S.C. § 2255(f)(1)

If the limitations period begins to run on "the date on which the judgment of conviction becomes final," then the limitations period expired on January 28, 2019. This conclusion follows from the fact that Portillo-Guerrero's conviction became final on January 26, 2018, when the time for filing a direct appeal expired. U.S. v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008). Portillo-Guerrero had one year from that date to timely file a petition under § 2255(f)(1). Because January 26, 2019 fell on a Saturday, then the deadline to timely file his petition expired on January 28, 2019, which was the following Monday. FED. R. CIV. P. 6(a)(1)(C). Portillo-Guerrero did not file his petition until May 28, 2019, making it untimely filed by four months.[2]

### 2. 28 U.S.C. § 2255(f)(2)

Section 2255(f)(2) would appear to be inapplicable in this case. There is no evidence in the record showing that Portillo-Guerrero "was prevented from making a motion by such governmental action." § 2255(f)(2).

### 3. 28 U.S.C. § 2255(f)(3)

As to § 2255(f)(3), Portillo-Guerrero is not relying on a newly recognized constitutional right as the substantive basis for relief. He asserts that Garza v. Idaho announced a new rule of constitutional law. Dkt. No. 28. "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989).

As previously noted, the Supreme Court held in Flores-Ortega that counsel is per se ineffective when he fails to file a requested notice of appeal, regardless of the merit of any potential appeal. Flores-Ortega, 528 U.S. at 484. In Garza, the Supreme Court extended the holding of Flores-Ortega to cases where the defendant had affirmatively waived his

---

[2] Portillo-Guerrero argues that the Government waived the timeliness argument by relegating it to a footnote. Dkt. No. 17. The Government did not waive the timeliness argument; it fully briefed its argument under § 2255(f)(1) and relegated its arguments concerning § 2255(f)(2)-(4) to a footnote. Dkt. No. 11, p. 2 n. 3. The timeliness claim was raised and fully briefed to permit review by the Court and to put Portillo-Guerrero on fair notice of the Government's argument. See Matter of Fairchild Aircraft Corp., 6 F.3d 1119, 1128 (5th Cir. 1993) (explaining that to avoid waiver, "the argument must be raised to such a degree that the trial court may rule on it").

appellate rights as part of a plea agreement. See Garza, 139 S.Ct. at 746-47 (noting that "[t]he holding, principles, and facts of Flores-Ortega" mandate a similar result and that "a direct application of Flores-Ortega's language resolves this case"). In other words, the Supreme Court held in Garza that defense counsel is per se ineffective for failing to file a requested notice of appeal, even if the defendant affirmatively waived the right to appeal. Thus, the Supreme Court did not announce a new rule of constitutional law; it applied an old rule in a new context.

Every court to consider this question has held that Garza did not announce a new rule. In re Sanchez, No. 19-11288-B, 2019 U.S. App. LEXIS 13242, *4-5 (11th Cir. May 1, 2019); Sanders v. U.S., No. 13-CR-3696 RB, 2020 WL 1929463, at *2 (D.N.M. Apr. 21, 2020) Thieme v. U.S., No. CV 19-15507 (SDW), 2020 WL 1441654, at *3 (D.N.J. Mar. 24, 2020); U.S. v. Price, No. 08-312, 2020 WL 516357, at *3 n. 1 (W.D. Pa. Jan. 23, 2020); U.S. v. McGee, No. 16-95, 2019 WL 4248887, at *2 (E.D. Ky. Sept. 6, 2019); U.S. v. Gibson, Nos. 16-746, 19-420, 2019 WL 5213838, at *3 (D. Haw. Oct. 16, 2019); Macklin v. Dowling, No. 19-375, 2019 WL 4727070, at * (W.D. Ok. Aug. 30, 2019); Jaramillo v. U.S., No. CR-15-8236-PCT-SPL, 2020 WL 3001783, at *5 (D. Ariz. May 11, 2020), report and recommendation adopted, No. CR-15-08236-PCT-SPL, 2020 WL 2991584 (D. Ariz. June 4, 2020); Espinal v. U.S., No. 08-CR-242 (ARR), 2020 WL 264918, at *3 (E.D.N.Y. Jan. 17, 2020); Edwards v. U.S., No. 3:19-CV-293-NJR, 2020 WL 1975077, at *3–4 (S.D. Ill. Apr. 24, 2020); Moreno v. U.S., No. 19C6752, 2020 WL 291392, at *2 (N.D. Ill. Jan. 21, 2020); Austin v. U.S., No. 4:15-CR-77-D, 2020 WL 4717403, at *2 (E.D.N.C. Aug. 13, 2020).

Furthermore, the rule of Garza – that an appellate waiver does not relieve counsel of his obligation to file a requested notice of appeal – is inapplicable in this case. Portillo-Guerrero did not waive his appellate rights in this case. Thus, Flores-Ortega would have been controlling, rather than Garza. Accordingly, § 2255(f)(3) is inapplicable in this case.

### 4. 28 U.S.C. § 2255(f)(4)

As for § 2255(f)(4), the factual predicates for Portillo-Guerrero's claim could have been discovered long ago. The Court notes that § 2255(f)(4) is only applicable if the

petitioner exercised due diligence in seeking out the underlying factual predicate. U.S. v. Rodriguez, 858 F.3d 960, 962 (5th Cir. 2017).  At the evidentiary hearing, Portillo-Guerrero never identified a date when he finally learned that no appeal had been filed. There is no evidence in the record that he ever wrote to the District Court or the Fifth Circuit seeking information on the status of his requested appeal.

The underlying facts supporting Portillo-Guerrero's claim — that Weisfeld had failed to file a requested notice of appeal — "could have been discovered through the exercise of due diligence" within months of his sentencing. Rodriguez, 858 F.3d at 963. Given that Portillo-Guerrero took no action, to discover the underlying factual predicates of this claim, does not allow him the benefit of an extended statute of limitations under § 2255(f)(4).

In sum, the statute permits Portillo-Guerrero to file from the latest date afforded by § 2255(f)(1)-(4). Under the facts in this case, his petition should have been filed no later than January 28, 2019, under § 2255(f)(1).  Accordingly, this claim is untimely filed.

Nevertheless, the Court must still consider whether equitable tolling is appropriate and saves the failure to timely file.

### 5. Equitable Tolling

Simply stated, there is no basis for equitable tolling in this case.  Equitable tolling requires that Portillo-Guerrero pursue his rights diligently. U.S. v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016). Portillo-Guerrero is required to show that he exercised "reasonable diligence[.]" He is not required, however, to prove "maximum feasible diligence." Holland v. Fla., 560 U.S. 631, 653 (2010). Nevertheless, under any standard, Portillo-Guerrero failed to exercise the required diligence.

There is no evidence in the record that Portillo-Guerrero ever wrote to this Court, or to the Fifth Circuit, seeking an update on the status of his requested appeal. Cf. Holland, 560 U.S. at 653 (noting that diligence was shown when the defendant repeatedly contacted the courts and clerk's office to seek additional information). If Portillo-Guerrero actually instructed his attorney to file a direct appeal, he made no effort to follow up on those efforts. The Fifth Circuit has concluded that "petitioners seeking to establish due diligence must

exercise diligence even when they receive inadequate legal representation." Palacios v. Stephens, 723 F.3d 600, 607 (5th Cir. 2013) (quoting Manning v. Epps, 688 F.3d 177, 185 (5th Cir. 2012)). Thus, this petition is untimely filed and not entitled to equitable tolling.

However, even if the Court were to find that the petition was timely filed, Portillo-Guerrero is still not entitled to relief.

### B. Failure to File Appeal

Portillo-Guerrero asserts that Weisfeld was ineffective because he failed to file a requested notice of appeal.[3] Portillo-Guerrero has failed to prove this claim by a preponderance of the evidence, for which reason it should be denied.

After the sentencing hearing, Portillo-Guerrero alleges that he met with Weisfeld in the U.S. Marshal's office and asked him if he could file an appeal. Dkt. No. 31, p. 21, 25. He claimed that Weisfeld replied that he "couldn't." Id. He then claimed that a month later, he called Weisfeld from the Coastal Bend Detention Center and asked Weisfeld if he could recommend an appellate lawyer. Id., p. 22, 26. Portillo-Guerrero claims that Weisfeld told him that he would handle the appeal if he was paid. Id., pp. 26-27.

In Weisfeld's recollection, Portillo-Guerrero was upset about the length of his sentence. Dkt. No. 31, pp. 8-11. According to Weisfeld, immediately after sentencing, he and Portillo-Guerrero spoke briefly about the sentence, but did not discuss any appeal. Id. Moreover, Weisfeld stated that Portillo-Guerrero never instructed him to file an appeal. Id. Weisfeld testified that if Portillo-Guerrero had said that he wanted to file an appeal, Weisfeld would have instructed his legal secretary to file the required notice of appeal. Id. Weisfeld would not have represented Portillo-Guerrero on appeal, because Weisfeld does not do appellate work. Id. Weisfeld and Portillo-Guerrero spoke again, several months after the sentencing hearing, when Portillo-Guerrero was interested in possibly debriefing

---

[3] The Court notes that Portillo-Guerrero has consistently alleged that Weisfeld failed to file a notice of appeal, despite being instructed to do so. Dkt. Nos. 1, 2, 28. Portillo-Guerrero has not alleged that Weisfeld failed to consult with him concerning an appeal, which is a distinct claim from the one he has actually raised. See U.S. v. Cong Van Pham, 722 F.3d 320, 323-25(5th Cir. 2013) (discussing the difference between a failure to file claim as opposed to a failure to consult claim).

with the Government and receiving a reduced sentence pursuant to FED. R. CRIM. P. 35. Id. In sum, Weisfeld does not recall Portillo-Guerrero ever instructing him to file an appeal on his behalf. Id.

The Court finds Weisfeld's testimony to be more credible. See Louis v. Blackburn, 630 F.2d 1105, 1109 (5th Cir. 1980) (discussing the deference given to a judge who conducted an evidentiary hearing based on a habeas corpus claim and that judge's authority and discretion to make credibility findings based upon hearing and observing witness testimony). Indeed, given the sentence and the guideline range in this case, Portillo-Guerrero may have benefitted from not appealing. Had Portillo-Guerrero appealed, the Government could have cross-appealed the substantive reasonableness of his below-Guidelines sentence. Under those circumstances, the appellate court could have remanded the case for re-sentencing, significantly increasing Portillo-Guerrero's sentencing exposure. See U.S. v. Jackson, 254 F. App'x 434, 457 (5th Cir. 2007) (remanding a case for resentencing based on the Government's cross-appeal of the reasonableness of the sentence).

Having observed the behavior of both Weisfeld and Portillo-Guerrero, the Court concludes that Weisfeld is the more credible of the two. Weisfeld is an experienced criminal defense attorney; if Portillo-Guerrero had instructed him to file a notice of appeal, it appears more likely that Weisfeld would have done so. The Court does not find Portillo-Guerrero's claim that Weisfeld agreed to represent him on appeal to be credible. Weisfeld testified under oath that he does not handle appeals. A search of the Fifth Circuit dockets backs up Weisfeld's claim; in the four appellate cases where Weisfeld appeared, he withdrew each time before briefing began.[4] In sum, the Court finds Weisfeld's testimony credible that Portillo-Guerrero never asked him to file a notice of appeal.

This conclusion is buttressed by the fact that Portillo-Guerrero wrote numerous letters to Weisfeld, seeking a copy of his client file, but never asked about the status of any

---

[4] U.S. v. Crooks, Case No. 95-40211 (5th Cir. 1995); U.S. v. Benavidez, Case No. 02-40223 (5th Cir. 2002); U.S. v. Mercado-Garza, Case No. 06-40506 (5th Cir. 2006); U.S. v. Lenyn Acosta, Case No. 14-20367 (5th Cir. 2014).

appeal or demanded to know why no appeal was filed. Dkt. No. 27. There is no explanation given for why Portillo-Guerrero would not ask about such an important issue.

Furthermore, even if the Court considers Weisfeld and Portillo-Guerrero to be equally credible, Portillo-Guerrero's claim still fails. Portillo-Guerrero must demonstrate by a preponderance of the evidence that he instructed Weisfeld to file a notice of appeal. If the accounts are equally credible, then Portillo-Guerrero loses. See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 137 n. 9 (1997) (under the preponderance standard, "when the evidence is equally balanced," the party who has the burden of persuasion "must lose.").

In sum, even if this claim is timely filed, it is not supported by the evidence and should be denied.

## IV. Recommendation

It is recommended that the Petitioner Jose Manuel Portillo-Guerrero's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed, or, alternatively, denied as unsupported by the record.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Portillo-Guerrero's § 2255 motion and the applicable Fifth Circuit precedent, it is recommended that a certificate of appealability should be denied. Although Portillo-Guerrero's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on October 29, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge