United States District Court
Southern District of Texas
**ENTERED**
January 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE MANUEL PORTILLO-GUERRERO § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 1:19-CV-082 |
| § | |
| UNITED STATES OF AMERICA § | |

**AMENDED ORDER ADOPTING REPORT AND RECOMMENDATIONS[1]**

In May of 2019, Petitioner Jose Manuel Portillo-Guerrero filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging that his trial attorney provided ineffective assistance by counseling him not to appeal the Judgment in his initial case. (Doc. 1, 4) Portillo initially proceeded *pro se*, but was later appointed counsel.

The Government moved for dismissal, arguing that Portillo's motion was time-barred, or alternatively, that his cause of action was substantively defective because he did not allege that his attorney had disregarded an explicit instruction to file a notice of appeal. (Motion, Doc. 11, 2–4)

The United States Magistrate Judge held an evidentiary hearing, and then issued a Report and Recommendation (Doc. 33) recommending that the Government's Motion to Dismiss be granted. After the deadline to file objections had passed, and on the same day that this Court issued an Order adopting the Report and Recommendation, Portillo's counsel requested leave to file objections after the deadline. (Motion, Doc. 35; Objections, Doc. 36) The Court granted leave and withdrew the Order adopting the Report and Recommendation. (Order, Doc. 37) In addition, after the Court issued its original Order Adopting Report and Recommendations (Doc. 34), Portillo himself, apparently under the impression that his counsel had filed no objections and unaware that his counsel had been given leave to submit objections after the deadline, filed additional objections. (Portillo Objs., Doc. 39).

---

[1] The Court issues this Amended Order to consider the objections that Jose Manuel Portillo Guerrero filed after the Court issued its original Order Adopting the Report and Recommendations (Doc. 34).

The Court has conducted a *de novo* review of the record and the applicable law. In his objections to the Report and Recommendation, Portillo, both through his counsel and individually, largely re-urges the arguments he presented to the Magistrate Judge. The Report and Recommendation ably and correctly addresses those arguments.

Portillo's counsel makes one objection not directly addressed in the Report and Recommendation, namely, that his trial attorney's testimony that he could not recall being instructed to file an appeal should be resolved in his favor. (Objections, Doc. 36, 2; Portillo Objs., Doc. 39, 2–3) The Magistrate Judge heard this testimony at the evidentiary hearing, and found the testimony by Portillo's trial attorney that he did not recall being instructed by Portillo to file an appeal to be more credible than Portillo's testimony that he had done so. (R&R, Doc. 33, 12; Transcript, Doc. 31, 7–8) The Court has reviewed the transcript and accepts the Magistrate Judge's credibility assessment. *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980) ("[A] district judge may accept a magistrate's findings concerning credibility and not violate due process.").

The Court concludes that the Government's Motion to Dismiss should be granted.

Accordingly, the Court **OVERRULES** Portillo's objections and **ADOPTS** the Report and Recommendation (Doc. 33). It is:

**ORDERED** that the government's Motion to Dismiss (Doc. 11) is **GRANTED**; and

**ORDERED** that Petitioner Jose Manuel Portillo-Guerrero's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DISMISSED** as untimely filed, or alternatively, **DENIED** as unsupported by the record.

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Portillo fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** the request for a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

Signed on January 19, 2021.

*Fernando Rodriguez, Jr.*
_____
Fernando Rodriguez, Jr.
United States District Judge